In the Matter of the Application of VITO FORTUNA, Appellant, for a Certiorari Order against HARRIS H. MURDOCK, Chairman, and Commissioners BERNARD A. SAVAGE and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents, and MORRIS ROTH, Intervenor, Respondent.— Appeal by petitioner from an order dismissing an order of certiorari and affirming a determination of the board of standards and appeals which granted a variation of the Amended Building Zone Resolution permitting the erection of a gasoline service station in place of a stable which had existed prior to the enactment of the Zoning Law. Order confirming determination of the board of standards and appeals reversed on the law, with fifty dollars costs and disbursements, determination of the board of standards and appeals granting such variation annulled, and application for a variation denied. The board of standards and appeals exceeded

its jurisdiction when it granted the variance described. There was no proof before the board and none appears in this record justifying the conclusion as to the premises involved that there are either " practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of " the Amended Building Zone Resolution (New York Code of Ordinances, Appendix B) as it affected those premises, within the purview of section 21 thereof, as judicially construed. The premises are zoned for business. A gasoline service station is expressly excluded. The premises, before the adoption of the Building Zone Resolution, were used for years, and are now being used, for the stabling of horses. There was no proof that such use was, or that any conforming business use would be, unprofitable to the owner. The proof was to the effect that a modern gasoline station would be more conducive to the welfare of the neighborhood and to the general public welfare than the present unsightly stables, as to which a vested right to maintain the same existed in the owner. In effect, the board assumed to change the business zone, legislatively established for this property, by permitting a prohibited use thereof. That the board was without lawful authority so to do, upon the evidence and the showing otherwise in this record, is well established. (*People ex rel. Fordham M. R. Church v. Walsh*, 244 N. Y. 280, 289; *Matter of Levy v. Bd. of Standards & Appeals*, 267 id. 347, 352, 353.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.