PURE OIL DIVISION OF UNION OIL COMPANY OF CALIFORNIA *v.* CITY OF NORTHVILLE

1. MUNICIPAL CORPORATIONS—ZONING—HOME RULE CITIES—OIL AND GASOLINE STATIONS.

    The home rule cities statute provides that each city charter may provide for regulating and restricting the locations of oil and gasoline stations (MCLA § 117.41).

2. ZONING—MUNICIPAL CORPORATIONS—ORDINANCES.

    The power granted to municipalities to enact zoning ordinances is limited to reasonable restrictions; if an ordinance is unreasonable, it is invalid even if it conforms to the authorizing statute.

3. ZONING—ORDINANCES—PRESUMPTIONS—CONSTITUTIONAL LAW.

    Zoning ordinances are presumed to be constitutional.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6]  37 Am Jur, Municipal Corporations §§ 102–110.
    38 Am Jur 2d, Garages, and Filling and Parking Stations § 20.
[2]  58 Am Jur, Zoning §§ 21, 22.
[3, 4]  58 Am Jur, Zoning §§ 16, 256.
[5]  38 Am Jur, Municipal Corporations § 15.
[7]  58 Am Jur, Zoning §§ 14, 18.

4. Zoning—Ordinances—Constitutional Law—Burden of Proof.
   Party challenging the constitutionality of a zoning ordinance must establish that the ordinance in question is an arbitrary and unrealistic restriction having no substantial relationship to public health, safety, or general welfare.

5. Zoning—Ordinances—Reasonable Restrictions.
   Zoning ordinance which prohibits oil and gasoline stations in a commercial district devoted to retail stores is not an unreasonable restriction since, in such a setting, oil and gasoline stations do not draw pedestrian traffic needed by some retail businesses and they produce vehicular traffic with resultant noise and odor and are therefore incompatible with retail uses.

6. Zoning — Ordinances — Reasonableness — Uses of Property — Police Power.
   Zoning ordinance which does not deprive an owner of all practical uses of his property and is without arbitrariness is a reasonable exercise of a city's police power.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 June 10, 1970, at Detroit. (Docket No. 7,955.)   Decided October 1, 1970.

Complaint by Pure Oil Division of Union Oil Company of California against the City of Northville, the city council, the city manager, and the city building inspector for a declaratory judgment holding a local zoning ordinance unconstitutional. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Dickinson, Wright, McKean & Cudlip,* for plaintiffs.

*Philip R. Ogilvie,* for defendants.

Before: Holbrook, P. J., and R. B. Burns and O'Hara,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. Burns, J.  Plaintiff filed suit in circuit court for declaratory judgment asking that § 8.01D of the city of Northville's zoning ordinance be declared unconstitutional as applied to the land in question. The ordinance excludes gasoline stations from the city's commercial (C-2) district.

Plaintiff wants to rebuild and expand its present gas station which now enjoys a nonconforming use. The trial court denied the requested relief on the ground that the city had the authority to exclude service stations from its C-2 district.  The home rule cities act (MCLA § 117.4i [Stat Ann 1970 Cum Supp § 5.2082]) provides in part:

"Each city may in its charter provide:
"(2) For regulating and restricting the locations of oil and gasoline stations."

Section 8.01D of the zoning ordinance was adopted pursuant to such a provision in the Northville City Charter.  Plaintiff's present service station is a legal nonconforming use.  When the property was originally zoned in 1946, a service station was a permitted use in a C-2 district.  In 1960 the zoning ordinance was amended to exclude drive-in restaurants and service stations.

In 1966 plaintiff petitioned the city planning commission to rezone the property to a C-1 district, which permits service stations.  The petition was denied on the ground that such use was inconsistent with the master plan for the city's business district.

The commercial district in question consists of three blocks of individual retail stores in the center of the existing downtown shopping area.  The master plan provides for the elimination of all uses immediately outside the area in order that parking may be developed and the existing street converted into a mall.

At trial, plaintiff presented expert testimony that the proposed service station would not constitute a fire hazard, be a source of air or visual pollution, or interfere with pedestrian traffic in the area. The city planner testified that service stations were prohibited in the district because they interfered with pedestrian traffic and were incompatible with the master plan.

The power granted to municipalities to enact zoning ordinances is limited to reasonable restrictions. If the ordinance is unreasonable, it is invalid even if it conforms to the authorizing statute.

Zoning ordinances are presumed to be constitutional. *Village of Euclid* v. *Ambler Realty Co.* (1926), 272 US 365 (47 S Ct 114, 71 L Ed 303). The party challenging the constitutionality of the ordinance must establish that the ordinance in question is an arbitrary and unrealistic restriction having no substantial relationship to the public health, safety or general welfare. *Bassey* v. *Huntington Woods* (1956), 344 Mich 701.

The concentration of population in urban areas has forced a readjustment in the thinking respecting some of the former concepts of zoning.

In *Biske* v. *City of Troy* (1967), 6 Mich App 546, 551, 552, we said:

"In this whole area of city planning and urban renewal, the courts may have to re-evaluate their predilection of looking to precedents of the past. American cities are changing and they face problems which have not been faced in the past. The courts, while remaining independent arbitrators of the disputes that inevitably arise because of such change, should not require solutions to the disputes which apply the reasoning of the past and stifle ultimate solutions to new urban problems."

Because gasoline stations supply products and services which are essential to a modern community, they are clearly a legitimate use; but even legitimate business may be restricted or even generally proscribed if the restriction or prohibition is reasonable or substantially related to the public welfare. *Twp. of West Bloomfield* v. *Chapman* (1958), 351 Mich 606.

Several states take judicial notice of the special problems involved with gasoline stations which affect the safety of persons and property and which warrant separate treatment of gasoline stations. In these states zoning ordinances excluding gasoline stations from some commercial districts have been upheld. *Gore* v. *Carlenville* (1956), 9 Ill 2d 296 (137 NE2d 368); *Rothschild* v. *Hussey* (1936), 364 Ill 557 (5 NE2d 92); *Fortuna* v. *Murdock* (1939), 257 App Div 993 (13 NYS2d 712).

Since stations are permitted to sell fuel and lubricants, it follows that they are permitted to accept deliveries of these products, and to store them on the premises. These activities obviously produce truck traffic and result in concentrations of inflammable liquids. Since the use services motor vehicles, it unavoidably invites vehicular traffic and, in addition, routes such traffic across curb lines and sidewalks. The repair of vehicles results in noise, and the whole operation requires the parking of automobiles while they await servicing. Finally, much of the operation is customarily an outdoor one, replete with signs, lights, tanks and tires.

Gasoline stations are considered incompatible with commercial districts devoted to retail stores because they do not draw the pedestrian traffic needed by some retail businesses, and because they produce vehicular traffic with resultant noise and

odor which are regarded as incompatible with retail uses.

The plaintiff has failed to convince this Court that the ordinance in question is unreasonable. Exclusion of gasoline stations appears to this Court to be an effort to continue a desirable trend of development, guarantee the continued attractiveness of the community and enjoyment of surrounding property, assure the comfort of the populace, and reduce congestion and disorder. Since this can be accomplished without depriving plaintiff of all practical uses of its property and without arbitrariness, the ordinance is a reasonable exercise of the city's police power.

Affirmed. No costs, a public question being involved.

All concurred.