◼ JOHN AMES, Appellant, v FRANK PALMA et al., Constituting the Zoning Board of Appeals of Rochester, Respondents. (Appeal No. 1.)—Judg-

ment unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment in an article 78 proceeding dismissing his petition to annul the determination of the respondent Zoning Board of Appeals of Rochester denying a use variance. It is clear that petitioner intended to reassemble his pre-existing business upon the lots which he purchased in the R-2 zone and that he had knowledge that he was purchasing property for a prohibited use. The gasoline station was clearly an integral part of petitioner's original plan, and as such his request for an enlargement of the station falls within the ambit of the self-created hardship rule. An applicant who affirmatively creates a hardship is estopped from claiming such hardship in seeking a variance from zoning requirements (*Matter of Simpson v King*, 47 AD2d 634; *Matter of Carrow Care Corp. v Holmes*, 36 AD2d 571). Petitioner created his own hardship by purchasing property in an R-2 residential zone and his application for a use variance was properly denied on grounds of self-created hardship (*Matter of Clark v Board of Zoning Appeals*, 301 NY 86, mot for rearg den, 301 NY 681, cert den 340 US 933; *Matter of Hoffman v Harris*, 17 NY2d 138; *Matter of Kenyon v Quinones*, 43 AD2d 125). It further appears from the record that petitioner failed to sustain his burden of establishing that the subject property could not yield a reasonable return if used for a purpose permitted by ordinance. (Appeal from judgment of Monroe Supreme Court—use variance.) Present—Marsh, P. J., Simons, Mahoney, Dillon and Witmer, JJ.