In the Matter of BARBY LAND CORP., Respondent, v HAROLD ZIEGNER et al., Constituting the Board of Zoning Appeals of the Town of Babylon, Appellants.—In a proceeding pursuant to CPLR article 78 to (1) review a determination of the Board of Zoning Appeals of the Town of Babylon, which, after a hearing, denied petitioner's application for an area variance and (2) compel the granting of such application, the appeal is from a judgment of the Supreme Court, Suffolk County, entered November 22, 1977, which (1) annulled the determination and (2) directed the issuance of the variance. Judgment reversed, on the law, with costs, determination confirmed and proceeding dismissed on the merits. Petitioner, a construction corporation, originally purchased a parcel of land with a total area of 35,000 square feet and a 50-foot frontage. The parcel, part of a lagoon, was located in a residential district which required, *inter alia,* a 75-foot frontage. After a prior application for a variance as to the entire parcel was denied, petitioner undertook the grading of the property and proceeded to sell portions thereof to adjacent landowners. A second application for a variance was made in regard to the remaining parcel, which has a depth of 150 feet and the same substandard 50-foot frontage. This proceeding was commenced to challenge the denial of this second application in relation to the remaining parcel. Even considering the expense of grading, which project was undertaken *after* the application for a variance as to the original parcel was denied, no significant economic injury was shown. The subject parcel equals 21.43% of the original 35,000 square-foot parcel. Accordingly, the pro rata purchase price of the subject parcel, added to the pro rata grading cost, is less than the offer made by the adjoining neighbors to purchase the subject parcel. Moreover, it is evident that any possible hardship was self created.

Petitioner's predecessor in interest acquired the lagoon property at a tax sale after it had been landlocked and abandoned. "Hence, the granting of the variance would, like as not, result in a windfall to petitioner well above the minimal price paid at the tax sale" (see *Matter of Cowan v Kern,* 41 NY2d 591, 597). The courts should not be placed in the position of having to guarantee the investments of careless land buyers *(Klevan v Volz,* 67 Misc 2d 196). Under the circumstances, Special Term was not warranted in annulling the determination of the board of zoning appeals. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.