■ In the Matter of ALBERT ROMANELLI, Appellant, v RAOUL BONVOULOIR et al., Respondents. ARMAND NINNIE, Doing Business as CENTRAL CONSTRUCTION Co., Intervenor-Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Beacon, dated April 7, 1983, which granted a use variance to intervenor Armand Ninnie, doing business as Central Construction Co., petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered July 15, 1983, which dismissed the petition. ¶ Judgment reversed, on the law, with costs, petition granted and determination granting intervenor a use variance annulled, and application denied. ¶ In order to obtain a use variance, there must be a showing that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) the plight of the owner is due to unique circumstances rather than general conditions in the neighborhood; and (3) the requested variance will not alter the essential character of the locality (*Matter of Otto v Steinhilber,* 282 NY 71). The reasonable return criterion must be specifically demonstrated in dollars and cents terms (*Matter of Village Bd. v Jarrold,* 53 NY2d 254). In this case, the intervenor asserts a lack of a reasonable return in conclusory terms, which is therefore inadequate. The intervenor's allegation that the property is unavailable for residential use is unavailing in the absence of any indication in the record as to why the acquisition of the property by a quitclaim deed would bar such use. There is nothing in the record to indicate that a title insurer would not issue a title insurance policy on the property if used for residential purposes. We also note that any hardship to the intervenor is self-created because the property was purchased with knowledge of the zoning restriction pertaining thereto (*Matter of Barby Land Corp. v Ziegner,* 49 NY2d 729). Accordingly, the decision to grant the use variance was arbitrary and was not supported by substantial evidence (*Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN BURGESS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered July 27, 1982, convicting him of grand larceny in the second degree and criminal possession of a forged instrument in the second degree, after a nonjury trial, and sentencing him to concurrent terms of 60 days' imprisonment and five years' probation, the periods of imprisonment being a condition of and running concurrently with the periods of probation. ¶ Judgment modified, as a matter of discretion in the interest of justice, by deleting from the sentences imposed the condition of imprisonment. As so modified, judgment affirmed, and case remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ We deem the sentences, as reduced, to be more appropriate under the circumstances of this case. We have considered defendant's other contentions and find them to be without merit (see *People v Mitchell,* 58 NY2d 368). Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.