■ In the Matter of CARRIAGE WORKS ENTERPRISES, LTD., Appellant, v HARRY SIEGEL, as Chairman of the Board of Zoning and Appeals of the Town of North Hempstead, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of

the Town of North Hempstead, dated March 7, 1984, which denied the petitioner's application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated September 13, 1984, which dismissed the proceeding.

Judgment affirmed, with costs.

The petitioner Carriage Works Enterprises, Ltd. is the owner of real property located in Alberston, in the Town of North Hempstead. The premises, situated entirely within a Business "A" zoning district as defined by the town building zone ordinance are currently improved with a one-story concrete block building. The petitioner seeks a variance to use the building as an auto body repair shop as well as to construct an addition to the building for the same use. An auto body repair shop is not a permitted use in the Town of North Hempstead's Business "A" zoning district, and is, in fact, a permitted use only in the lowest zoning category, Industrial "B".

One who knowingly acquires land for a use prohibited by a zoning ordinance may not thereafter obtain a variance on the ground of hardship; otherwise stated, a zoning board may not grant a variance to relieve a self-created hardship *(see, Matter of Clark v Board of Zoning Appeals,* 301 NY 86, 89, *rearg denied* 301 NY 681, *cert denied* 340 US 933; *Matter of Romanelli v Bonvouloir,* 102 AD2d 872; *Ames v Palma,* 52 AD2d 1077; *Matter of Freitag v Marsh,* 280 App Div 934). Since the petitioner conceded that it purchased the subject property in 1977 for use as an auto body repair shop, its application for a variance was properly denied.

Even had the petitioner been otherwise eligible to obtain a use variance, it did not meet the criteria that must be established for the grant of such a variance, to wit, "that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality" *(Matter of Otto v Steinhilber,* 282 NY 71, 76, *rearg denied* 282 NY 681). Our recent decision affirming a judgment which annulled a determination denying a variance, so that an obsolete school could be used as a residence for senior citizens, is inapposite *(see, Matter of Commco, Inc. v Amelkin,* 109 AD2d 794). In that case, we held that it would be manifestly unreasonable to require the school

district to demolish, at a cost of approximately $50,000, a building that had cost $1,740,000 so as to provide vacant land that would be valued at $200,000 and upon which conforming residential structures would be built. The circumstances presented were unique to the zoning district and the evidence also established that the use of the school building as a residence for senior citizens would not alter the essential character of the neighborhood.

In the matter at bar, the petitioner seeks to establish that its building, constructed prior to 1939, used from 1939 to 1977 for the sale and servicing of tractors and farm implements, and now used as a nursery, is now financially obsolete with respect to any permitted use in the zoning district, although the building is still structurally sound and could, with the infusion of approximately $10,000 to $15,000, be renovated for the proposed use. We remain unconvinced, however, that the petitioner has met its burden as to the grant of a use variance. The petitioner may have arguably established that the property is not currently yielding a reasonable return in its present use as a nursery. In addition, it may even have demonstrated that the property cannot yield a reasonable return in light of the price that the petitioner paid for it, if used only for a permitted purpose. However, it may well be that the petitioner overpaid for the property, given its inability to be used for an auto body repair shop, and that another might have purchased it at a price which better reflected its true value. Thus, if the petitioner did in fact pay an unduly high price for the property, it may be said that any hardship suffered as a result was self-inflicted. It has been stated that "zoning * * * may legally leave in its wake scars of lost profits to landowners as well as restricted uses causing inconvenience and disappointments but that is the exact meaning of zoning" (Little v Young, 82 NYS2d 909, 916, affd 274 App Div 1005, rearg denied and lv denied 274 App Div 1065, affd 299 NY 699). The courts should not be placed in the position of having to guarantee the investments of careless land buyers (see, Matter of Barby Land Corp. v Ziegner, 65 AD2d 793, affd 49 NY2d 729).

With respect to the other criteria for the grant of a use variance, we agree with the respondents that the petitioner's proof was lacking as to unique circumstances and that the proposed use would adversely affect the surrounding neighborhood because the property, although located in a business zone, also abuts a residential zone. The determination should not be disturbed as it was neither unreasonable, arbitrary, nor

an abuse of discretion *(see, Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393, 396). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.