■ MALRITE T.V. OF NEW YORK, INC., et al., Appellants, v

PHILLIP LICCIARDI et al., Respondents.—Judgment affirmed, without costs, for the reasons stated in the decision at Special Term, Tillman, J. All concur, except Boomer, J., who dissents and votes to reverse and grant the petition in the following memorandum.

Boomer, J. (dissenting). Respondent landowners, having knowingly acquired the land for a use prohibited by the zoning ordinance, could not thereafter have a variance on the ground of special hardship (see, Matter of Clark v Board of Zoning Appeals, 301 NY 86, cert denied 340 US 933; Matter of Romanelli v Bonvouloir, 102 AD2d 872; Repicci v Sharpe, 96 AD2d 727, lv denied 60 NY2d 556; Ames v Palma, 52 AD2d 1077; Matter of Kenyon v Quinones, 43 AD2d 125, 127; Matter of Everhart v Johnston, 30 AD2d 608; 2 Anderson, New York Zoning Law and Practice § 23.30 [3d ed]). Moreover, the landowners failed to submit sufficient dollars and cents proof to justify the grant of a variance. The Court of Appeals "has consistently rejected as insufficient to justify a grant of a use variance the bare conclusory testimony of witnesses that the property could not yield a reasonable return" (Matter of Village Bd. v Jarrold, 53 NY2d 254, 259). If the landowners can, by proper proof, show that the property cannot be used for any purpose permitted by the zoning ordinance, they may have a remedy by way of an action to declare the zoning ordinance unconstitutional as to their property. But on the record before us they are not entitled to a use variance. Accordingly, I vote to reverse the order appealed from and to grant the petition (Appeal from judgment of Supreme Court, Monroe County, Tillman, J.—art 78.) Present—Callahan, J. P., Boomer, Green, Balio and Lawton, JJ.