■ In the Matter of Mt. Lyell Enterprises, Inc., Doing Business as EA Motors, Petitioner, v Judy DeRooy et al., Constituting the Zoning Board of Appeals of the Town of Gates, Respondents.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: Supreme Court erred in transferring to us this CPLR article 78 proceeding to review the determination of the Zoning Board denying petitioner's application for a use variance. Town Law § 267 (7) enjoins the Supreme Court to "itself dispose of the cause on the merits, determining all questions which may be presented

for determination." Nevertheless, we may now consider and determine the proceeding on the merits *(see, Matter of Willow Garden Apts. v Riker,* 36 AD2d 892).

We conclude that the determination of the Zoning Board was supported by substantial evidence. Based on the information before it, the Board was entitled to determine that the property could yield a reasonable rate of return if used for a permitted use. We may not substitute our judgment for the judgment of the Board that an 11.76% return after three years was not unreasonably low.

Moreover, petitioner may not claim hardship because, with knowledge of the zoning restrictions, it acquired the property for a use not permitted in the district *(see, Matter of Clark v Board of Zoning Appeals,* 301 NY 86, 89, *rearg denied* 301 NY 681, *cert denied* 340 US 933; *Matter of Carriage Works Enters. v Siegel,* 118 AD2d 568, 569). The ordinance unambiguously provides that the sale of recreational vehicles is permitted only in a general industrial district and petitioner should have been aware, before it made its purchase contract unconditional, that it would have to obtain a variance before it could use the property as it intended.

Petitioner's contention that the Zoning Board was estopped from denying the variance because of certain assurances by town officials that zoning for petitioner's use "would not be a problem" lacks merit. With limited exceptions not applicable here, the doctrine of estoppel will not preclude a municipality from discharging its statutory duties *(Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *rearg denied* 71 NY2d 995, *appeal dismissed and cert denied* 488 US 801; *Matter of Rosbar Co. v Board of Appeals,* 53 NY2d 623). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Patlow, J.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.