◼ In the Matter of FRIENDS OF LAKE MAHOPAC et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN OF CARMEL,

Respondent, and CHARLES MELCHNER et al., Appellants. [790 NYS2d 470]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Carmel filed October 30, 2002, which, after a hearing, granted the application of Charles Melchner and Lillian Melchner for certain use and area variances, the appeal is from a judgment of the Supreme Court, Putnam County (Nicolai, J.), entered April 22, 2003, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly found that the petitioners Friends of Lake Mahopac and members William D. Spain, Jr., James Maxwell, and Roderick Carr, Jr., had standing to bring this proceeding (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 413-416 [1987]; *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 7 [1974]; *cf. Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774-775 [1991]; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency,* 76 NY2d 428, 433 [1990]).

The Zoning Board of Appeals of the Town of Carmel (hereinafter the Zoning Board) granted use and area variances to the appellants, permitting commercial uses of certain property located in a residential zone, in conjunction with the operation of a commercial marina on an adjoining lot. However, no use variance may be granted in the absence of unnecessary hardship, which requires a showing, inter alia, that the alleged hardship was not self-created (*see* Town Law § 267-b [2] [b]). The area in which the subject lots are located has been zoned residential since 1942. Town of Carmel Code § 10-5 provides: "No public marina, dock or other place where boats are lawfully hired, rented or sold, or where docking space is lawfully rented or leased, shall expand dock structures or mooring facilities beyond the capacity therefor as the same lawfully existed on September 1, 1962." The appellants were charged with notice of these restrictions at the time of purchase (*see Matter of Mc-Glasson Realty v Town of Patterson Bd. of Appeals,* 234 AD2d 462, 463 [1996]). Moreover, there is evidence in the record that the appellants were in fact aware prior to purchase that the lots were located in a residential zone, and that the operation of the adjoining marina and its expansion onto the subject lots was of questionable legality. An owner who knowingly acquires land

for a use prohibited by zoning may not obtain a use variance on the ground of hardship (*see Matter of Clark v Board of Zoning Appeals of Town of Hempstead,* 301 NY 86, 89 [1950], *cert denied* 340 US 933 [1951]; *Matter of Long Is. Leasing Corp. v Casey,* 138 AD2d 596 [1988]; *Matter of Carriage Works Enters. v Siegel,* 118 AD2d 568, 569 [1986]; *cf. Matter of Douglaston Civic Assn. v Klein,* 67 AD2d 54, 61 [1979], *affd* 51 NY2d 963 [1980]). Accordingly, the determination of the Zoning Board was properly annulled (*see* CPLR 7803 [3]; *cf. Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 385 [1995]; *Matter of Fuhst v Foley,* 45 NY2d 441, 444 [1978]).

The appellants' remaining contentions are without merit. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.