■ In the Matter of MILLER FAMILY LTD. PARTNERSHIP, Appellant, v FRANK C. TROTTA et al., Respondents. [806 NYS2d 74]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven, dated November 14, 2003, which, after a hearing, denied the petitioner's application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered July 6, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique charac-

teristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created (*see* Town Law § 267-b [2] [b]; *Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 257 [1981]; *Matter of Otto v Steinhilber*, 282 NY 71, 76 [1939]; *Matter of Elwood Props. v Bohrer*, 216 AD2d 562, 563 [1995]).

The petitioner purchased two adjacent properties zoned for single-family homes, and subsequently sought a use variance to permit the development of a multi-family planned retirement community on the properties. Contrary to the petitioner's contentions, evidence adduced during the hearing before the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Board) established that the petitioners created the hardship by purchasing the land with knowledge that it was zoned for single-family homes and intended to develop multi-family housing on the property anyway. As such, we cannot conclude that the Board acted arbitrarily and capriciously in denying the application (*see Matter of Clark v Board of Zoning Appeals of Town of Hempstead*, 301 NY 86, 89 [1950], *cert denied* 340 US 933 [1951]; *Matter of Friends of Lake Mahopac v Zoning Bd. of Appeals of Town of Carmel*, 15 AD3d 401, 402-403 [2005]; *Matter of Long Is. Leasing Corp. v Casey*, 138 AD2d 596 [1988]; *Matter of Carriage Works Enters. v Siegel*, 118 AD2d 568, 569 [1986]). Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.