In the Matter of 194 MAIN, INC., Appellant, v BOARD OF ZONING APPEALS FOR TOWN OF NORTH HEMPSTEAD, Respondent. [897 NYS2d 208]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals for the Town of North Hempstead dated April 16, 2008, which, after a hearing, denied the petitioner's application, inter alia, for a use

variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered January 5, 2009, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner purchased property located at 194 Main Street in Port Washington (hereinafter the property) on September 20, 2005. The property had been zoned "Residence C" in 1966. Before the petitioner purchased the property, an antique furniture store was operated on the property pursuant to a use variance granted to a prior owner in 2002. After the petitioner purchased the property, it used the property for the sale, storage and display of motorcycles until the Town of North Hempstead sent it a notice of violation based on its nonpermitted use at the property. The Board of Zoning Appeals for the Town of North Hempstead (hereinafter the Zoning Board) denied the petitioner's subsequent application for, inter alia, a use variance to permit it to operate a motorcycle sales, storage and display store on the property.

"To qualify for a use variance premised upon unnecessary hardship there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created" (*Matter of Miller Family Ltd. Partnership v Trotta*, 23 AD3d 389, 389-390 [2005]; see Town Law § 267-b [2] [b]; *Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 257 [1981]).

The evidence adduced during the hearing before the Zoning Board established that the petitioner created the hardship by purchasing the land with knowledge that it was not zoned for commercial use (*see Matter of Clark v Board of Zoning Appeals of Town of Hempstead*, 301 NY 86, 89 [1950], cert denied 340 US 933 [1951]; *Matter of Miller Family Ltd. Partnership v Trotta*, 23 AD3d at 390; *Matter of Friends of Lake Mahopac v Zoning Bd. of Appeals of Town of Carmel*, 15 AD3d 401, 402-403 [2005]). Contrary to the petitioner's position, the fact that a use variance was granted to the prior owner for the use of an antique furniture store could not have led to a reasonable expectation by the petitioner that it could operate a motorcycle sales, storage and display store under the prior use variance (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 685 [2002]; *Matter of McDonald v Zoning Bd. of Appeals of Town of Islip*, 31 AD3d 642, 642-643 [2006]; *Matter*

*of Diana v City of Amsterdam Zoning Bd. of Appeals*, 243 AD2d 939, 940 [1997]).

Furthermore, although "a [determination] of an administrative agency which neither adheres to its . . . prior precedent nor [sets forth] its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of London v Zoning Bd. of Appeals of Town of Huntington*, 49 AD3d 739, 740 [2008], quoting *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001] [internal quotation marks omitted]), the evidence at the hearing established that the circumstances of the prior variance granted by the Zoning Board were distinguishable from the petitioner's application, and, therefore, the Zoning Board was not bound by its earlier determination (*see Matter of Arata v Morelli*, 40 AD3d 991, 993 [2007]; *Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn*, 31 AD3d 635, 636 [2006]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly found that the Zoning Board did not act arbitrarily or capriciously when it denied the petitioner's application (*see Matter of Westbury Laundromat, Inc. v Mammina*, 62 AD3d 888, 891 [2009]; *Matter of Miller Family Ltd. Partnership v Trotta*, 23 AD3d at 390). Dillon, J.P., Florio, Miller and Austin, JJ., concur.