# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1324**
**CA 11-00778**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND SCONIERS, JJ.

IN THE MATTER PETER S. DUCHMANN AND DUKE
DISTRIBUTING COMPANY, INC., DOING BUSINESS
AS ADVANCED AUTO ELECTRONICS,
PETITIONERS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

TOWN OF HAMBURG, TOWN OF HAMBURG TOWN BOARD,
TOWN OF HAMBURG BOARD OF ZONING APPEALS,
KURT ALLEN, ENFORCEMENT OFFICER BUILDINGS
INSPECTIONS AND CODE ENFORCEMENT, RESPONDENTS,
LAMAR ADVERTISING OF PENN, LLC,
TLC PROPERTIES, INC., LAMAR COMPANY, LLC,
AND LAMAR TEXAS LIMITED PARTNERSHIP,
RESPONDENTS-RESPONDENTS.

HARTER SECREST & EMERY LLP, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL),
FOR PETITIONERS-APPELLANTS.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (HOWARD S. ROSENHOCH OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (John A. Michalek, J.), entered December
30, 2010 in a proceeding pursuant to CPLR article 78.  The judgment,
inter alia, dismissed the petition against respondents Lamar
Advertising of Penn, LLC, TLC Properties, Inc., Lamar Company, LLC and
Lamar Texas Limited Partnership.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioners appeal from a judgment in this CPLR
article 78 proceeding that, inter alia, dismissed the petition against
respondents Lamar Advertising of Penn, LLC, TLC Properties, Inc.,
Lamar Company, LLC and Lamar Texas Limited Partnership (collectively,
Lamar respondents).  In 2004, the Lamar respondents entered into a
lease agreement with petitioners that allowed the Lamar respondents to
place a billboard on petitioners' property.  On the same day in 2004,
respondent Town of Hamburg (Town) issued the Lamar respondents a
permit for the construction of the billboard (hereafter, 2004 permit).
After an eminent domain taking, the Lamar respondents and petitioners
entered into a new lease agreement that allowed for the relocation of
the billboard to other property owned by petitioners, and the Town

issued a building permit for that relocation in 2007 (hereafter, 2007 permit).

Petitioners thereafter granted the Lamar respondents a perpetual easement that included "the right to service, maintain, improve or replace any outdoor advertising structure on the property [in question]." The Lamar respondents subsequently applied to the Town for a permit to convert part of the billboard to a digital display screen. Petitioners objected to the issuance of the permit because, as the owners of the property, they did not consent to the modification. Although that permit was revoked for other reasons, the Lamar respondents again applied for a permit to convert the billboard to an electronic format, and petitioners objected on the same ground. After the Town issued the permit (hereafter, 2010 permit), petitioners appealed to respondent Town of Hamburg Board of Zoning Appeals (BZA), which denied the appeal. Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the BZA's determination. Supreme Court granted the cross motion of the Lamar respondents for summary judgment dismissing the petition against them. We affirm.

Petitioners contend that the 2010 permit is unlawful because they objected to the issuance thereof and the Lamar respondents did not obtain their written consent. Our review of an administrative determination "is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis" (*Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals*, 6 AD3d 1091, 1092). The BZA is " 'vested with great discretion' . . ., [and its] determinations are entitled to 'great deference' " (*id.*).

Pursuant to the Code of the Town of Hamburg (Town Code), "[p]rior to the issuance of any sign permit for the erection, alteration, construction, relocation or enlargement of a sign, application for such permit shall be made" (Town Code § 280-250 [A]), and the application must contain "[t]he written consent of the owner[s] of the . . . property" (§ 280-250 [A] [2]). We conclude that it was not arbitrary and capricious for the BZA to conclude that the language of the easement provided the necessary written consent. Whether the change in format for the billboard is viewed as an improvement or a replacement, further consent from petitioners was not required.

Petitioners' contention that both the 2004 and 2007 permits are unlawful because they violate the dimension requirements set forth in the Town Code is time-barred. An appeal of a permit issuance "shall be taken within [60] sixty days" (Town Law § 267-a [5] [b]). "A challenge to 'the issuance . . . of a building permit accrues when the permit is issued . . . and does not constitute a continuing wrong' " (*Matter of Letourneau v Town of Berne*, 56 AD3d 880, 881). Here, petitioners did not appeal to the BZA with respect to either the 2004 or 2007 permit. In any event, we conclude that petitioners' contention lacks merit. Although billboards are prohibited under the Town Code (*see* § 280-252), a 2004 federal court order and settlement between the Town and the Lamar respondents permitted them to place up to two billboards that measured 14 feet by 48 feet on the property.

Because " '[s]tipulations of settlement are judicially favored and may not be lightly set aside' " (*IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 213), we conclude that the federal court order and settlement are controlling with respect to whether the billboard at issue could be erected and what its dimensions could be.

Petitioners further contend that the determination of the BZA was improper because it failed to make findings of fact.  We reject that contention and conclude that it may be ascertained from a review of the record that the BZA's determination had a rational basis (*see generally Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Council of City of N.Y.*, 214 AD2d 335, 337, *lv denied* 87 NY2d 802).

Entered:  December 30, 2011                          Frances E. Cafarell
                                                     Clerk of the Court