# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1265**
**CA 16-00600**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF EXPRESSVIEW DEVELOPMENT, INC.,
ON ITS OWN BEHALF AND AS AGENT OF CANANDAIGUA
NATIONAL BANK, TRUSTEE OF THE MAX M. FARASH
DECLARATION OF TRUST DATED JULY 6, 2007, AND
CANANDAIGUA NATIONAL BANK, TRUSTEE OF THE MAX M.
FARASH DECLARATION OF TRUST, DATED JULY 6, 2007,
PETITIONERS-PLAINTIFFS-APPELLANTS,

                    V                              MEMORANDUM AND ORDER

TOWN OF GATES ZONING BOARD OF APPEALS AND TOWN
OF GATES, RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-APPELLANTS.

SHAPIRO, DICARO & BARAK, LLC, ROCHESTER (ELLIS OSTER OF COUNSEL), FOR
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 21, 2016 in a hybrid CPLR article 78 proceeding and declaratory judgment action. The judgment, insofar as appealed from, granted the cross motion of respondents-defendants to dismiss the amended petition-complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the cross motion to the extent that it sought dismissal of the declaratory judgment causes of action, reinstating those causes of action, and granting judgment in favor of respondents-defendants as follows:

It is ADJUDGED AND DECLARED that the Town of Gates Code § 190-22 (E) is constitutional,

and as modified the judgment is affirmed without costs.

Memorandum: As relevant in this zoning dispute, the Max M. Farash Declaration of Trust, dated July 6, 2007 (Trust), of which petitioner-plaintiff Canandaigua National Bank is the trustee, owns real property located within the boundaries of respondent-defendant Town of Gates (Town) adjacent to Interstate 390 (hereafter, highway). Five of the six landlocked, undeveloped parcels that make up the subject property were purchased by an individual in the 1960s and

1970s, and a plan was subsequently approved in 1982 for the development of an industrial park on the property. Developer Max M. Farash purchased the parcels and a sixth adjacent parcel in 1986, but he never developed the property in accordance with the industrial park plan. Farash was declared incompetent prior to his death, and the Trust became the owner of the property. The Trust attempted to sell the property in 2009, and the only offer came from petitioner-plaintiff Expressview Development, Inc., contingent upon its receipt of variances that would allow it to construct billboards that would be visible from the highway. The billboards, as planned, would violate the Town of Gates Code § 190-22 (E) which, in sum, prohibits commercial signs not located on the site of the business for which they advertise. Following an initial application that was denied without prejudice, petitioners-plaintiffs (petitioners) again sought use and area variances permitting the installation of the billboards, but respondent-defendant Town of Gates Zoning Board of Appeals (ZBA) denied their application after considering the matter at a hearing. Petitioners commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the determination of the ZBA, and a declaration that the Town of Gates Code § 190-22 (E) is unconstitutional. Supreme Court, inter alia, granted the cross motion of respondents-defendants (respondents) dismissing the amended petition-complaint (amended petition).

It is well established that "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure . . . 'It matters not whether, in close cases, a court would have, or should have, decided the matter differently. The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them' " (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613). Thus, "[a] reviewing court may not substitute its judgment for that of a local zoning board . . . , 'even if there is substantial evidence supporting a contrary determination' " (*Matter of People, Inc. v City of Tonawanda Zoning Bd. of Appeals*, 126 AD3d 1334, 1335). Indeed, "[w]hen reviewing the determinations of a Zoning Board, courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2).

Petitioners' contention that the determination was arbitrary and capricious because the ZBA failed to adhere to its precedent is without merit inasmuch as petitioners failed to establish the existence of earlier determinations by the ZBA that were based on essentially the same facts as petitioners' present application (*see Matter of Mimassi v Town of Whitestown Zoning Bd. of Appeals*, 124 AD3d 1329, 1330; *see generally Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93). The settlement of a federal lawsuit in 1999 by the executive and legislative branches of the Town permitting the installation of certain billboards along the highway by a pair of outdoor advertisers—which was not a determination made by the ZBA as a result of its administrative

variance process—did not constitute precedent from which the ZBA was required to explain any departure (*see Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn*, 31 AD3d 635, 636; *see generally Mimassi*, 124 AD3d at 1330; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d 1337, 1340, *lv denied* 14 NY3d 703).  Contrary to petitioners' further contention, they did not raise the argument that the settlement constituted precedential grounds for granting the requested variances until they served the amended petition, and thus the court did not engage in an impermissible post-hoc rationalization of the ZBA's determination when it addressed and rejected that argument (*see generally Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758; *Matter of Millpond Mgt., Inc. v Town of Ulster Zoning Bd. of Appeals*, 42 AD3d 804, 805 n).

We reject petitioners' contention that the ZBA acted arbitrarily and capriciously in determining that they failed to establish the factors constituting unnecessary hardship required for the issuance of the use variances (*see* Town Law § 267-b [2] [b]).  The court properly determined, upon review of the record as a whole, including the evidence submitted to the ZBA, the findings and conclusions articulated by the ZBA during the hearing, and its subsequent letter decision (*see generally Matter of Duchmann v Town of Hamburg*, 90 AD3d 1642, 1644; *Matter of East Coast Props. v City of Oneida Planning Bd.*, 167 AD2d 641, 643), that there is substantial evidence supporting the ZBA's determination that the hardship was self-created (*see* § 267-b [2] [b] [4]).  The record evidence did not establish whether Farash originally intended to develop the industrial park, and it is undisputed that the plan was never pursued.  Although subsequent changes in economic conditions may have rendered the industrial park plan financially infeasible, the record establishes that the extent of the limitations on the property of which Farash knew or should have known at the time of his purchase have remained.  Indeed, Farash purchased the property after the approval of the industrial park plan, the adoption of applicable zoning restrictions, and the construction of the highway adjacent to the property.  Thus, the Trust possesses the same unused, oddly-shaped, difficult-to-develop property that Farash purchased, and although the purchase may now be viewed as a poor investment, courts are not responsible for "guarantee[ing] the investments of careless land buyers" (*Matter of Barby Land Corp. v Ziegner*, 65 AD2d 793, 794, *affd for reasons stated* 49 NY2d 729; *cf. Matter of Kontogiannis v Fritts*, 131 AD2d 944, 946; *see generally Matter of Carriage Works Enters. v Siegel*, 118 AD2d 568, 570).

Contrary to petitioners' contention, the court properly concluded that there is substantial evidence supporting the ZBA's determination that the billboards would have a negative and adverse effect upon the character of the neighborhood inasmuch as the relevant area could not aesthetically support additional signs (*see* Town Law § 267-b [2] [b] [3]; *see generally Matter of Cromwell v Ferrier*, 19 NY2d 263, 272, *rearg denied* 19 NY2d 862).  We conclude, contrary to petitioners' further contention, that members of the ZBA did not act upon consideration of their own surveys, and thus the members of the ZBA

were not required to place on the record their personal observations of the area inasmuch as there was evidence contained in petitioners' submissions, including maps and photographs, establishing the quantity and nature of the billboards already in existence along the relevant portion of the highway (*cf. Matter of Community Synagogue v Bates*, 1 NY2d 445, 454).

Based on the foregoing, we conclude that the court properly determined that the ZBA's determination has a rational basis and is not arbitrary and capricious (*see* CPLR 7803 [3]). We have considered petitioners' remaining contentions with respect to the ZBA's denial of their application for the variances and conclude that none of those contentions require reversal or modification of the judgment.

We reject petitioners' contention that the court erred in dismissing those parts of the amended petition alleging that the ZBA violated their constitutional rights to equal protection through selective enforcement of the zoning regulations. Even assuming, arguendo, that petitioners and the other outdoor advertisers were similarly situated, petitioners failed to allege that respondents singled them out "with an 'evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances' " (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631; *see Masi Mgt., Inc. v Town of Ogden* [appeal No. 3], 273 AD2d 837, 838). We also conclude that the court properly dismissed the amended petition to the extent that it asserted additional claims based upon alleged violations of petitioners' due process and equal protection rights under the Federal and State Constitutions (*see Bower Assoc.*, 2 NY3d at 627-630; *Fike v Town of Webster*, 11 AD3d 888, 889).

We reject petitioners' further contention that the Town of Gates Code § 190-22 (E) is an unconstitutional restraint of freedom of speech under the First Amendment on the ground that it improperly distinguishes between on-site and off-site commercial signs. The decision by the United States Supreme Court in *Reed v Town of Gilbert, Arizona* (___ US ___, 135 S Ct 2218) did not overturn the prevailing intermediate scrutiny test for restrictions on commercial speech set forth in *Central Hudson Gas & Elec. Corp. v Public Serv. Commn. of N.Y.* (447 US 557, 561-566; *see e.g. Lone Star Sec. & Video, Inc. v City of Los Angeles*, 827 F3d 1192, 1198 n 3; *Dana's R.R. Supply v Attorney Gen., State of Florida*, 807 F3d 1235, 1246-1247; *Boelter v Advance Mag. Publs. Inc.*, ___ F Supp 3d ___, ___ n 15). When evaluated under the *Central Hudson* test, petitioners' contention lacks merit (*see Metromedia, Inc. v City of San Diego*, 453 US 490, 498-499, 510-512; *Suffolk Outdoor Adv. Co. v Hulse*, 43 NY2d 483, 488-489).

The court nonetheless erred in granting that part of respondents' cross motion seeking dismissal of the declaratory judgment causes of action rather than declaring the rights of the parties (*see Mead Sq. Commons, LLC v Village of Victor*, 97 AD3d 1162, 1164; *Matter of Lindberg v Town of Manlius Planning Bd.*, 41 AD3d 1231, 1232). We therefore modify the judgment by denying respondents' cross motion to the extent that it sought dismissal of the declaratory judgment causes

of action, reinstating those causes of action, and granting judgment in favor of respondents by adjudging and declaring that the Town of Gates Code § 190-22 (E) is constitutional.

Entered:  February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court