Matter of Franklin Sq. Realty Assoc., LLC v Board of Appeals of the Town of Hempstead (2025 NY Slip Op 02065)

Matter of Franklin Sq. Realty Assoc., LLC v Board of Appeals of the Town of Hempstead

2025 NY Slip Op 02065

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-05218
 (Index No. 613790/22)

[*1]In the Matter of Franklin Square Realty Associates, LLC, et al., respondents, 
v
Board of Appeals of the Town of Hempstead, appellant.

Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Joseph E. Macy, Daniel J. Evers, and Nicholas Tuffarelli of counsel), for appellant.
McLaughlin & Stern, LLP, Garden City, NY (Christian Browne and Mark Luccarelli of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Appeals of the Town of Hempstead dated September 22, 2022, which, after a hearing, affirmed a determination of the Commissioner of the Town of Hempstead Department of Buildings dated October 8, 2021, denying the petitioners' application for a building permit, the Board of Appeals of the Town of Hempstead appeals from a judgment of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered May 23, 2023. The judgment, insofar as appealed from, in effect, granted that branch of the petition which was to annul the determination dated September 22, 2022.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to annul the determination dated September 22, 2022, is denied, and that portion of the proceeding is dismissed.
The petitioner Franklin Square Realty Associates, LLC, is the owner of certain real property located in Franklin Square. The petitioner West Park Fitness Corp. was a tenant of the property. The property is split-zoned in the business, residence "B," and residence "C" zoning districts. In 2021, the petitioners applied to the Town of Hempstead Department of Buildings (hereinafter the Buildings Department) for a building permit to construct a self-storage facility with a parking lot. In a determination dated October 8, 2021, the Commissioner of the Buildings Department (hereinafter the Commissioner) denied the application on the ground, inter alia, that use variances were required since portions of the property were zoned residential. The petitioners appealed the Commissioner's determination to the Board of Appeals of the Town of Hempstead (hereinafter the Board), relying on a prior grant of a use variance by the Board in 1959. In a determination dated September 22, 2022, the Board affirmed the Commissioner's denial of the petitioners' application.
Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 78, among other things, to review the Board's determination dated September 22, 2022. In a judgment entered May 23, 2023, the Supreme Court, inter alia, in effect, granted that branch of the petition which was to annul the Board's determination dated September 22, 2022. The Board appeals.
Judicial review of a determination of a local zoning board is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (see id. § 7803[3]; Matter of Vomero v City of New York, 13 NY3d 840, 841). "A determination of a zoning board should be sustained upon judicial review if it has a rational basis and the record contains sufficient evidence to support the rationality of the determination" (Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730 [internal quotation marks omitted]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Ifrah v Utschig, 98 NY2d 304, 308). Here, the Board's determination affirming the Commissioner's denial of the petitioners' application had a rational basis and was not arbitrary and capricious. The Board exceeded its jurisdiction when it granted the 1959 use variance since there was no evidence before the Board in 1959 as to any "practical difficulties or unnecessary hardships in the way of carrying out the strict letter of [the zoning] regulations," as was necessary to grant the 1959 use variance (former Town of Hempstead Building Zone Ordinance § Z-1.0[A] [1956]; see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 244; Matter of Carrols Equities Corp. v Chave, 37 AD2d 847, 847; see also Matter of Fortuna v Murdock, 257 App Div 993, 993-994, affd 281 NY 763). Contrary to the petitioners' contention, the Board had the authority to review the 1959 use variance on the petitioners' appeal from the Commissioner's denial of their building permit application (see Town Law § 267-a[4]; cf. Matter of Capetola v Town of Riverhead, 192 AD3d 789, 792).
In any event, even assuming that the Board did not exceed its jurisdiction in granting the 1959 use variance, "[a] variance constitutes only limited permission to use a given parcel of property for a specific nonconforming use, and does not constitute a zoning amendment reclassifying the subject parcel" (Matter of Abbey Is. Park v Board of Zoning Appeals of Town of Hempstead, 133 AD2d 150, 150-151; see Matter of 194 Main, Inc. v Board of Zoning Appeals for Town of N. Hempstead, 71 AD3d 1028, 1029). Thus, the Board's grant of the 1959 use variance extending business use into the residential zones of the property did not obviate the need for the petitioners to obtain new use variances in order to construct a self-storage facility with a parking lot within the portions of the property zoned residential (see Matter of 194 Main, Inc. v Board of Zoning Appeals for Town of N. Hempstead, 71 AD3d at 1029). Although the Buildings Department subsequently issued permits allowing for other nonconforming uses following the Board's grant of the 1959 use variance, "[e]stoppel is not available against a local government unit for the purpose of ratifying an administrative error" (Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [internal quotation marks omitted]; see City of Yonkers v Rentways, Inc., 304 NY 499, 505).
Based on the foregoing, the Supreme Court should have denied that branch of the petition which was to annul the Board's determination dated September 22, 2022, affirming the Commissioner's denial of the petitioners' application for a building permit.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court