■ In the Matter of CONVERSIONS FOR REAL ESTATE, LLC, et al., Appellants, v ZONING BOARD OF APPEALS OF INCORPORATED

VILLAGE OF ROSLYN, Respondent. [818 NYS2d 298]—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Roslyn dated July 7, 2003, which, after a hearing, denied the petitioners' application for a parking variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Parga, J.), dated January 31, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A local zoning board has broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Lee v Zoning Bd. of Appeals of Town of Putnam Val.*, 1 AD3d 600, 602 [2003]). In this case, the denial of the petitioner's application for a parking variance was not illegal, arbitrary, capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig, supra*).

Although a determination of an administrative agency which neither adheres to its prior precedent nor sets forth its reasons for reaching a different result on essentially the same facts is arbitrary and capricious (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001]), the petitioners here failed to establish the existence of earlier determinations by the Zoning Board of Appeals of the Incorporated Village of Roslyn (hereinafter the Board) with sufficient factual similarity to their application so as to warrant an explanation from the Board (*see Matter of Pesek v Hitchcock*, 156 AD2d 690 [1989]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.