■ In the Matter of JOANN LONDON, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Respondent. [855 NYS2d 561]—

The petitioner, the owner of a 1.1-acre lot in the Town of Huntington, applied to the respondent Zoning Board of Appeals of the Town of Huntington (hereinafter the ZBA) for area variances in order to subdivide her property into two lots so that a second house could be built on the property. The petitioner's property is located in an area that is zoned for one-acre lots. She sought variances reducing the area requirement to one-half acre and reducing the permitted width at the setback line from 125 feet to approximately 104 feet for one of the subdivided lots. Since a majority of the ZBA did not vote to grant the application, it was deemed denied (*see* Town Law § 267-a [13] [b]; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86 [2001]).

Contrary to the petitioner's contention, the Supreme Court applied the appropriate standard in reviewing the ZBA's determination (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86 [2001]). A local zoning board has broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). In this case, the denial of the petitioner's application for area variances was not illegal, arbitrary and capricious, or an abuse of discretion in light of, inter alia, the ZBA's conclusion, based upon documentary evidence, that the granting of the proposed variances would lead to a detrimental change in the character of the neighborhood, and the fact that the proposed variances were substantial (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals,* 43 AD3d 926 [2007]).

Further, although "a [determination] of an administrative agency which neither adheres to its . . . prior precedent nor [sets forth] its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d at 93 [internal quotation marks omitted]), the evidence at the hearing established that the circumstances of the prior variances granted by the ZBA were distinguishable, and, therefore, the ZBA was not required to set forth

an explanation for its departure therefrom (*see Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn,* 31 AD3d 635 [2006]). Miller, J.P., Covello, Eng and Chambers, JJ., concur.