In a proceeding pursuant to CFLR article 78 to review a determination of the Village of Centre Island Board of Zoning Appeals dated December 27, 2010, which, after a hearing, denied the petitioner’s application for an area variance permitting construction of a dwelling at an elevation less than 12 feet above sea level, the appeal is from a judgment of the Supreme Court, *1326 Nassau County (Adams, J.), entered September 7, 2011, which, upon an order of the same court entered August 8, 2011, granting the petition, is in favor of the petitioner annulling the determination and directing the application to be approved.
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, the proceeding is dismissed on the merits, and the order is modified accordingly.
The petitioner is the owner of a vacant waterfront parcel located at the southerly end of a private road in the Village of Centre Island. The parcel is irregularly shaped and, at its highest point, lies at an elevation roughly 8.4 feet above mean sea level. Adjacent to the west lie wetlands and marshlands, which are owned by the Village and conserved as a bird sanctuary and nature preserve. Adjacent to the east lie Oyster Bay Harbor and the Oyster Bay National Wildlife Refuge.
In 2006 the petitioner secured a tidal wetlands permit from the New York State Department of Environmental Conservation (hereinafter NYSDEC), which authorized the construction of a dwelling, on piles, within a footprint approximately 30.4 feet from the southerly property line. Thereafter, the petitioner applied to the Village for a building permit to construct a 3,654-square-foot dwelling in accordance with the plans submitted to NYSDEC. The Village Building Inspector denied the building permit application, explaining that the parcel did not meet the minimum frontage or lot-size requirements, that the plans did not meet all setback requirements, and that the proposed construction was prohibited because it called for a dwelling to be located at an elevation less than 12 feet above mean sea level. The petitioner then applied to the Board of Zoning Appeals of the Village of Centre Island (hereinafter the BZA) for area variances from these four requirements.
Due to one recusal and one vacancy on the five-member BZA, the petitioner was required to secure the approval of each of the remaining three BZA members. At several public hearings, the BZA heard testimony and received reports from experts retained by the petitioner and from experts retained by certain neighbors opposed to the application. The BZA also heard comments from the Village Engineer and from residents of the community. After the hearings, the BZA unanimously approved the application insofar as it concerned the variances pertaining to lot area, frontage, and setbacks. With respect to these variances, the BZA members all agreed that the benefit to the petitioner outweighed any potential detriment to the community. The BZA, however, could not reach an agreement with respect to the eleva *1327 tion variance. A motion to grant the elevation variance did not garner the required number of votes to pass, the motion failed, and the application for a variance from the elevation requirement was denied “as a matter of law,” with no factual findings provided.
The petitioner then commenced the instant proceeding pursuant to CPLR article 78 asserting, among other things, that the denial of the elevation variance was arbitrary and capricious, unreasonable, and unsupported by the record. The Supreme Court, upon a review of the entire record, granted the petition, annulled the determination denying the request for an elevation variance, and directed the elevation variance to be approved. The members of the BZA appeal, and we reverse the judgment, deny the petition, confirm the determination, and dismiss the proceeding on the merits.
“ ‘Local zoning boards have broad discretion in considering applications for area variances’ ” (Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d 874, 876 [2010], quoting Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67 [2009]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771 [2005]). In reviewing an application for an area variance, a zoning board is required to engage in a balancing test “weighting] the benefit of the grant to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted” (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612; see Matter of Ifrah v Utschig, 98 NY2d 304, 307 [2002]; Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d at 876; Matter of Crilly v Karl, 67 AD3d 793 [2009]; Matter of Halperin v City of New Rochelle, 24 AD3d at 773; Village Law § 7-712-b [3] [b]). “The judicial function in reviewing such determinations is limited and a reviewing court should refrain from substituting its own judgment for the judgment of the zoning board” (Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d at 877; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613; Matter of Halperin v City of New Rochelle, 24 AD3d at 772). “Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion” (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613).
“[W]hen a quorum of the board is present and participates in a vote on an application, a vote of less than a majority of the *1328 Board is deemed a denial” (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 89 [2001]; see Matter of London v Zoning Bd. of Appeals of Town of Huntington, 49 AD3d 739 [2008]). That no factual findings were provided or articulated does not preclude judicial review. Where there is no formal statement of reasons for the rejection, “an examination of the entire record, including the transcript of the meeting at which the vote was taken along with affidavits submitted in the article 78 proceeding can provide a sufficient basis for determining whether the denial was arbitrary and capricious” (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d at 93 [citations and internal quotation marks omitted]).
Here, contraiy to the Supreme Court’s conclusion, the record supports the BZA’s denial of the elevation variance. The BZA conducted an extensive hearing, considered the activities authorized by the NYSDEC, and reviewed maps, aerial photographs, and scientific data concerning the area in question. While the petitioner presented expert testimony indicating that the proposed plan would not affect the character of the neighborhood or have an adverse impact on the physical or environmental conditions, those opposed to the application presented evidence indicating that the proposed construction would affect flooding, expose neighboring lands and the groundwater to potential contamination, and have an adverse impact on the aesthetic quality of the community. Notably, these arguments were supported by expert testimony which was based on scientific data and empirical facts (cf. Matter of Frank v Scheyer, 227 AD2d 558 [1996]). Under the circumstances, and in light of the evidence presented, along with the affidavits submitted in the CPLR article 78 proceeding, the BZA did not act arbitrarily or illegally in denying the requested elevation variance. As such, the determination should not have been disturbed (see Matter of London v Zoning Bd. of Appeals of Town of Huntington, 49 AD3d at 740).
The petitioner’s remaining contention is without merit. Rivera, J.E, Belen, Sgroi and Miller, JJ., concur.