“Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion” (Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious (see Matter of Sasso v Osgood, 86 NY2d 374, 384 and n 2 [1995]).
*679 Pursuant to Town Law § 267-b (3), in determining whether to grant an application for an area variance, a town’s zoning board must weigh the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612 [2004]). This inquiry includes a consideration of, inter alia, (1) whether the granting of the area variance will produce an undesirable change in the character of the neighborhood or a detriment to nearby properties; (2) whether the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the granting of the proposed variance will have an adverse effect or impact on the physical environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created (see Town Law § 267-b [3] [b]; Matter of Sasso v Osgood, 86 NY2d at 382; Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 928-929 [2007]).
Here, the denial of the petitioner’s application for area variances was neither arbitrary and capricious nor an abuse of discretion in light of, inter alia, the findings by the Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Board), based on the record, that the granting of the petitioner’s application would result in a detrimental change in the character of the neighborhood, that the requested variances were substantial, and that the petitioner’s claimed hardship was self-created (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608 [2004]; Matter of Qing Dong v Mammina, 84 AD3d 820, 821 [2011]; Matter of Frank v Zoning Bd. of Town of Yorktown, 82 AD3d 764, 765 [2011]; Matter of Kaiser v Town of Islip Zoning Bd. of Appeals, 74 AD3d 1203, 1205 [2010]). The Board also was entitled to consider, as a factor in its determination, the precedential effect of its decision, and the impact of its decision upon the “effectiveness of the zoning ordinance” (Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1147 [2009]).
Further, although “ ‘a [determination] of an administrative agency which neither adheres to its . . . prior precedent nor [sets forth] its reasons for reaching a different result on essentially the same facts is arbitrary and capricious’ ” (Matter of London v Zoning Bd. of Appeals of Town of Huntington, 49 AD3d 739, 740 [2008], quoting Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 93 [2001]), here, the hearing evidence established that the circum *680 stances of the prior variances granted by the Board were not substantially similar to those of the instant case. Therefore, those prior matters “did not constitute a precedent from which the [Board] was required to explain a departure” (Matter of Kaiser v Town of Islip Zoning Bd. of Appeals, 74 AD3d at 1205; see Matter of London v Zoning Bd. of Appeals of Town of Huntington, 49 AD3d at 740; Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn, 31 AD3d 635 [2006]).
Accordingly, the Supreme Court did not err in denying the petition and dismissing the proceeding. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.