The petitioners applied for a building permit from the Village/ Town of Mount Kisco (hereinafter the Village) to construct a two-family dwelling on two adjacent lots situated on Oakridge Road in the Village. Although 12 houses existed on Oakridge Road at the time when the petitioners requested the permit, the Building Inspector of the Village (hereinafter the Building Inspector) denied the application on the ground that Oakridge Road did not qualify as an “official” road within the Village, as required by Village Law § 7-736.
The petitioners then applied to the Zoning Board of Appeals of the Village/Town of Mount Kisco (hereinafter the ZBA) for, inter alia, an interpretation of the Village Law that Oakridge Road was an “official” road within the Village, and that they *1125 were, thus, entitled to the issuance of a building permit as of right, or, in the alternative, an area variance to relieve them from any lot deficiency preventing the issuance of a building permit.
After a series of public hearings, the ZBA denied the requests for the interpretation and the variance in a formal resolution dated January 24, 2011 (hereinafter the resolution). The resolution reflected the ZBA’s finding that Oabridge Road was not listed as an “official” road of the Village, as required under the first prong of the two-pronged inquiry set forth in Village Law § 7-736 (2). The ZBA also found that the application failed to satisfy the second prong of the statute, which required that any road providing access to a dwelling be “suitably improved,” because Oabridge Road failed to meet the Village’s minimum standards for paved width and lacked a turnaround, adequate curbing, drainage, and sidewalks, and there was no means for emergency responders to safely gain access to the road.
The resolution further indicated that the ZBA denied the request for a variance after evaluating the petitioners’ application under each of the factors set forth in Village Law § 7-712-b (3) (b) and balancing the benefit of granting the petitioners’ request against the resulting detriment to the community The ZBA found, inter alia, that the construction of an additional dwelling on Oakridge Road would result in “an undesirable change” and “detriment to neighboring properties,” as the additional traffic that would result from the erection of an additional dwelling on Oakridge Road “would exacerbate already poor traffic conditions and compromise public safety by making access for residents and emergency responders more arduous.”
The petitioners commenced this CPLR article 78 proceeding in the Supreme Court, seeking, inter alia, to review the ZBA’s determination. The Supreme Court denied the petition and dismissed the proceeding.
“ ‘Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion’ ” (Matter of Campbell v Town of Mount Pleasant Zoning Bd. of Appeals, 84 AD3d 1230, 1230 [2011], quoting Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949 [2010]; see Matter of lfrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Jonas v Stackler, 95 AD3d 1325 [2012]; Matter of Sanzoverino v Bruscella, 291 AD2d 502, 503 [2002]). Accordingly, on judicial review, the determination of a zoning board should be sustained if it is not illegal, has a rational basis, and is not arbitrary and *1126 capricious (see Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Campbell v Town of Mount Pleasant Zoning Bd. of Appeals, 84 AD3d at 1230; Matter of vWitkowich v Zoning Bd. of Appeals of Town of Yorktown, 84 AD3d 1101, 1102 [2011]; Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead, 65 AD3d 1144, 1147 [2009]).
In determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Village Law § 7-712-b [3] [b]; Matter of Ifrah v Utschig, 98 NY2d at 307; Matter of Jonas v Stackler, 95 AD3d 1325 [2012]; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 72 [2009]). A zoning board must also consider “(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance” (Village Law § 7-712-b [3] [b]).
Here, the ZBA’s finding that the detriment to the community outweighed the benefit of granting a variance had a rational basis in the record and was not arbitrary and capricious. In particular, the submissions of the Mount Kisco Planning Board, the Building Inspector, and the Mount Kisco Fire Department established that Oakridge Road was not adequate to serve an additional home. The paved portion of Oakridge Road varied from 15 to 21 feet wide, as opposed to the minimum Village standard, and notwithstanding that the road remains in use, it lacked a turnaround, adequate curbing, drainage, sidewalks, and a means of safe access for emergency responders, the effects of which would be worsened by construction of another dwelling and the addition of two more families. Moreover, the requested variance was substantial and the alleged difficulty was self-created. Further, although the Village proposed reducing certain of the requirements to enable the petitioners to proceed with construction of the proposed dwelling, the petitioners summarily rejected the proposal and merely proposed to use *1127 an 18-foot-wide portion of their property to create a patently insufficient turnaround.
Although the Supreme Court did not specifically find that the building permit was properly denied because of the substandard conditions of the subject road, the ZBA’s determination in this regard also had a rational basis in the record and was not arbitrary and capricious, based on the same evidence which supports the ZBA’s denial of the application for a variance (see Village Law § 7-736 [2]).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Skelos, J.P., Angiolillo, Dickerson and Hall, JJ., concur.