■ In the Matter of EMIL WILLIAM CHYNN, Appellant, v PAUL M. DeCHANCE et al., Respondents. [973 NYS2d 328]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated April 6, 2011, which denied the petitioner's application for an area variance for a second-story deck extension and to relocate a staircase, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 15, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In October 2010 the petitioner applied to the Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Zoning Board) for, inter alia, an area variance for a second-story deck extension and to relocate a staircase to accommodate the deck extension. On April 6, 2011, the Zoning Board, among other things, denied the application for an area variance for the deck extension and to relocate the staircase. In May 2011, the petitioner commenced this proceeding pursuant to CPLR article 78, in effect, to review the Zoning Board's determination denying the application for the area variance and to relocate the staircase. In a judgment dated May 15, 2012, the Supreme Court denied the petition and dismissed the proceeding.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]). "Accordingly, on judicial review, the determination of a zoning board should be sustained if it is not illegal, has a

rational basis, and is not arbitrary and capricious" (*Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco,* 101 AD3d 1124, 1125-1126 [2012]; *see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]).

"Pursuant to Town Law § 267-b (3), in determining whether to grant an application for an area variance, a town's zoning board must weigh the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (*Matter of Davydov v Mammina,* 97 AD3d 678, 679 [2012]). A zoning board must also consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Town Law § 267-b [3] [b]).

Here, the denial of the application for an area variance for a second-story deck extension and to relocate a staircase was neither arbitrary and capricious nor an abuse of discretion in light of, inter alia, the findings by the Zoning Board, based on the record, that granting the application would result in a detriment to a neighboring property owner, that the requested variance was substantial, and that the petitioner's claimed hardship was self-created (*see Matter of Davydov v Mammina,* 97 AD3d at 679; *Matter of Fagan v Colson,* 49 AD3d 877 [2008]).

Further, although "[a] determination of a zoning board of appeals that ' "neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" ' " (*Matter of Campo Grandchildren Trust v Colson,* 39 AD3d 746, 746 [2007], quoting *Knight v Amelkin,* 68 NY2d 975, 977 [1986], quoting *Matter of Charles A. Field Delivery Serv. [Roberts],* 66 NY2d 516, 517 [1985]), the Zoning Board reasonably determined that the circumstances of various prior variances it had granted were distinguishable from those of the instant application and, thus, the Zoning Board was not bound by its earlier determinations (*see Matter of 194 Main, Inc. v Board of Zoning Appeals for Town of N. Hempstead,* 71 AD3d 1028, 1030 [2010]; *Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn,* 31 AD3d 635 [2006]).

The petitioner's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.