◼ In the Matter of PETER BARTOLACCI, Appellant, v VILLAGE OF TARRYTOWN ZONING BOARD OF APPEALS, Respondent. [41 NYS3d 116]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Tarrytown Zoning Board of Appeals dated January 13, 2014, which, after a hearing, determined that the Village of Tarrytown Planning Board had the

authority to review the petitioner's application for a building permit, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Warhit, J.), dated June 5, 2014, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y.*, 30 AD3d 515, 515 [2006] [citations omitted]). "However, where the issue involves pure legal interpretation of statutory terms, deference [to the zoning board of appeals] is not required" (*Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 160 [2009]; *see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 419 [1996]). "[I]n such circumstances, the judiciary . . . is free to ascertain the proper interpretation from the statutory language and legislative intent" (*Matter of Belmonte v Snashall*, 2 NY3d 560, 566 [2004]).

Here, pursuant to our independent review of the law, we conclude that the determination of the respondent Village of Tarrytown Zoning Board of Appeals (hereinafter the ZBA) complied with the applicable legal principles (*see Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d at 160). Pursuant to the plain language of the Code of the Village of Tarrytown § 305-67, the Village of Tarrytown Planning Board had the authority to review the petitioner's application for a building permit, which sought to construct a retaining wall, given that the proposed construction involved the disturbance of "steep slopes" on the subject property. Contrary to the petitioner's contention, the ZBA either reasonably determined that the circumstances of the prior applications for building permits were distinguishable from those of the instant application, or otherwise provided a valid and rational explanation for its departure from its prior precedent (*see Matter of Chynn v DeChance*, 110 AD3d 993, 994 [2013]; *Matter of Corona Realty Holdings, LLC v Town of N. Hempstead*, 32 AD3d 393, 395 [2006]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

In light of the foregoing, we need not reach the remaining contentions of the ZBA. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.