Matter of Corrales v Zoning Bd. of Appeals of the Vil. of Dobbs Ferry (2018 NY Slip Op 05676)





Matter of Corrales v Zoning Bd. of Appeals of the Vil. of Dobbs Ferry


2018 NY Slip Op 05676


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-00310
 (Index No. 3832/14)

[*1]In the Matter of Anna-Lisa Corrales, et al., respondents, 
v
Zoning Board of Appeals of the Village of Dobbs Ferry, et al., appellants.


Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh and Alexander D. Rosati of counsel), for appellants Zoning Board of Appeals of the Village of Dobbs Ferry and Brian Cook.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Lino J. Sciarretta and Mathew T. Dudley of counsel), for appellant Livingston Development Group, LLC.
Keith R. Betensky, Bedford, NY, for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the Zoning Board of Appeals of the Village of Dobbs Ferry and Brian Cook appeal, and Livingston Development Group, LLC, separately appeals, from an order and judgment (one paper) of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), entered December 10, 2015. The order and judgment, insofar as appealed from, converted those branches of the motion of Livingston Development Group, LLC, and the separate motion of the Zoning Board of Appeals of the Village of Dobbs Ferry and Brian Cook, which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the first cause of action into motions for summary judgment dismissing the first cause of action, and, upon converting the motion of Livingston Development Group, LLC, and the separate motion of the Zoning Board of Appeals of the Village of Dobbs Ferry and Brian Cook, pursuant to CPLR 3211(a) and 7804(f) to dismiss the hybrid proceeding/action into motions for summary judgment, and upon searching the record, awarded summary judgment to the petitioners/plaintiffs on the first cause of action to the extent of annulling a determination of the Zoning Board of Appeals of the Village of Dobbs Ferry dated November 7, 2014, dismissing their appeal as untimely, and remitting the matter to the Zoning Board of Appeals of the Village of Dobbs Ferry for a determination on the merits of their appeal of the determination of the Village Building Inspector that a proposed development was compliant with the zoning laws of the Village of Dobbs Ferry, and awarded summary judgment to the petitioners/plaintiffs on the second cause of action to the extent of declaring that a determination of the Village Board of Trustees dated December 18, 2013, granting site plan approval, was jurisdictionally defective and thus void in that no duly noticed public hearing was held thereon in accordance with the Code of the Village of Dobbs Ferry § 300-28(G).
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
In 2012, Livingston Development Group, LLC (hereinafter Livingston), purchased certain real property located in the Village of Dobbs Ferry (hereinafter the subject property). Shortly thereafter, it submitted an application to the Village regarding the proposed construction of two [*2]residential buildings on the subject property, with each building to contain six condominium units. According to the Zoning Board of Appeals of the Village (hereinafter the ZBA), in "November 2012," the Village Building Department (hereinafter the Building Department) forwarded Livingston's application to the Village Planning Board (hereinafter the Planning Board).
On October 3, 2013, the Planning Board opened what it called a "duly noticed public hearing" on Livingston's application. It is undisputed that the petitioner/plaintiff Anna-Lisa Corrales, who owns and resides in a house located within 200 feet of the subject property, did not receive any notice of this hearing. In a resolution dated December 5, 2013, the Planning Board recommended that site plan approval be granted with respect to Livingston's application, with certain conditions, none of which related to the use of the subject property. In a resolution dated December 18, 2013, the Village Board of Trustees (hereinafter the BOT) adopted the Planning Board's recommendation and granted site plan approval, with certain conditions unrelated to the use of the subject property, including a condition that Livingston obtain approval from the Village Architectural and Historic Review Board (hereinafter the AHRB).
On January 13, 2014, the AHRB denied Livingston's application for approval. Livingston appealed the AHRB's denial to the ZBA. While Livingston's appeal of the AHRB's determination was pending before the ZBA, an attorney representing Corrales and the petitioner/plaintiff Jonathan Brose, a neighboring homeowner (hereinafter together the petitioners), argued in letters to the ZBA and the Village Building Inspector that Livingston's proposed use of the subject property was not permitted in the zoning district in which the subject property was located, as "multifamily buildings" and "multifamily housing complexes" were prohibited in that district. The petitioners' attorney also raised this issue during a meeting of the AHRB on July 28, 2014. At this meeting, the Village's Assistant Building Inspector stated that he had consulted with Village counsel earlier that day, and that it was his opinion that Livingston's proposed use of the subject property was zoning-compliant.
On August 20, 2014, the petitioners filed with the ZBA a notice of appeal of what they characterized as a determination by the Building Department, dated July 28, 2014, that Livingston's proposed use of the property was compliant with the Village zoning code. In a determination dated November 7, 2014, the ZBA dismissed the petitioners' appeal. The ZBA explained that, by forwarding Livingston's application to the Planning Board in November 2012 without rejecting it as noncompliant with the zoning code, the Building Inspector had "inherently" made a determination at that time that Livingston's proposal was zoning-compliant, even though there was no written determination to that effect. The ZBA further explained that, pursuant to the Code of the Village of Dobbs Ferry (hereinafter Village Code) § 300-23(A)(2), the petitioners' appeal was untimely, since it was made more than 30 days after November 2012.
The petitioners subsequently commenced this hybrid proceeding pursuant to CPLR article 78, challenging the ZBA's determination, and action for related declaratory relief. In their first cause of action, the petitioners sought to annul the ZBA's determination dated November 7, 2014, dismissing their appeal of the Building Inspector's zoning determination as untimely. In their second cause of action, the petitioners sought a judgment declaring, inter alia, that the BOT's determination dated December 18, 2013, granting site plan approval, was jurisdictionally defective and thus void in that no duly-noticed public hearing was held thereon in accordance with Village Code § 300-28(G). The ZBA and the Building Inspector (hereinafter together the Village) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint. Livingston separately moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint.
In an order and judgment entered December 10, 2015, the Supreme Court, inter alia, converted the motions into motions for summary judgment. Upon searching the record, the court granted summary judgment to the petitioners on the first cause of action to the extent of annulling the ZBA's determination dated November 7, 2014, dismissing the petitioners' appeal as untimely, and remitting the matter to the ZBA for a new determination on the merits of their appeal of the Building Inspector's zoning determination. Also upon searching the record, the Supreme Court granted summary judgment to the petitioners on the second cause of action to the extent of declaring that the determination of the BOT, dated December 18, 2013, granting site plan approval, was jurisdictionally defective and thus void in that no duly noticed public hearing was held thereon in accordance with Village Code § 300-28(G).
A determination of a local zoning board may be set aside if the record reveals that " the board acted illegally or arbitrarily, or abused its discretion'" (Matter of Vomero v City of New York, 13 NY3d 840, 841, quoting Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613). " In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference'" (Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904, quoting Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515). "However, where the issue involves pure legal interpretation of statutory terms, deference [to the zoning board of appeals] is not required. [I]n such circumstances, the judiciary . . . is free to ascertain the proper interpretation from the statutory language and legislative intent" (Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d at 904 [citations and internal quotation marks omitted]; see Matter of Belmonte v Snashall, 2 NY3d 560, 566).
Village Law § 7-712-a(5)(a) provides: "Each order, requirement, decision, interpretation or determination of the administrative official charged with the enforcement of the zoning local law shall be filed in the office of such administrative official within five business days from the day it is rendered, and shall be a public record. Alternatively, the village board of trustees may, by resolution, require that such filings instead be made in the village clerk's office." Village Code § 300-23(A)(2) provides that an appeal of an order, requirement, decision, interpretation, or determination made by the Building Inspector "shall be taken by filing a written notice of appeal and any required plans with the [ZBA] within 30 days after the filing of the order, requirement, decision, interpretation or determination that is being appealed" (emphasis added). As noted above, the ZBA determined that the 30-day period set forth in Village Code § 300-23(A)(2) began to run in November 2012, when the Building Inspector forwarded Livingston's application to the Planning Board, an act that was not disclosed to the public. It is undisputed that any determination of the Building Inspector in November 2012 that Livingston's proposed use was zoning-compliant was not "filed" anywhere at that time. Thus, we agree with the Supreme Court's conclusion that the ZBA's determination in this respect was contrary to the plain language of Village Code § 300-23(A)(2). Since this is a purely legal conclusion based on arguments raised in the motions to dismiss, and based on undisputed facts, contrary to the appellants' contentions, the conversion of their motions into motions for summary judgment was proper, and we agree with the court's determination granting summary judgment to the petitioners on this issue prior to the filing of an answer (see O'Hara v Del Bello, 47 NY2d 363, 366-368; Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138; cf. Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop Educ. Servs. of Nassau County, 63 NY2d 100, 104). Accordingly, we agree with the court's determination to grant summary judgment to the petitioners on the first cause of action to the extent of annulling the ZBA's determination dated November 7, 2014, and remitting the matter to the ZBA for a determination of the merits of their appeal of the Building Inspector's determination that the proposed development was zoning-compliant.
We also agree with the Supreme Court's determination granting summary judgment to the petitioners on the second cause of action to the extent of declaring that the determination of the BOT dated December 18, 2013, granting site plan approval, was jurisdictionally defective and thus void in that no duly noticed public hearing was held thereon in accordance with Village Code § 300-28(G). Contrary to the appellants' contention, Village Code § 300-28(G)(1) plainly requires that public hearings be held on site plan applications. That section further provides that the applicant shall be required to send notices of the hearing to owners of properties within 200 feet of the subject property by certified mailing. Since no notice of a public hearing was given, the BOT acted without jurisdiction in granting site plan approval (see 420 Tenants Corp. v EBM Long Beach, LLC, 41 AD3d 641, 643; see also Exxon Corp. v Town Bd. of Town of Oyster Bay, 42 AD2d 500, 506, affd 36 NY2d 888).
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court