Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton (2022 NY Slip Op 03381)





Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton


2022 NY Slip Op 03381


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.


2021-04185
 (Index No. 616583/20)

[*1]In the Matter of 153 Mulford Associates, LLC, appellant,
v
Zoning Board of Appeals of the Town of East Hampton, respondent.


Matthews, Kirst & Cooley, PLLC, East Hampton, NY (Herzfeld & Rubin, P.C. [Miriam Skolnik], of counsel), for appellant.
John C. Jilnicki, Town Attorney, East Hampton, NY (NancyLynn Thiele and Jennifer Nigro of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton dated September 29, 2020, which, after a hearing, denied the petitioner's application for a zoning variance and a special use permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (George Nolan, J.), dated May 10, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner purchased the subject waterfront property in 2017. The property is located on the southern shore of Gardiner's Bay in the Town of East Hampton, and is improved with a two-story house. In August 2018, the petitioner applied for a zoning variance and a Natural Resources Special Permit (hereinafter NRSP) to enable it to construct a stone revetment on the subject property. In support of its application, the petitioner asserted, inter alia, that the revetment was necessary to prevent further erosion of and imminent harm to its property, and that there existed no viable alternatives to protect the property. The proposed revetment would be located at approximately the mean high water mark, and would be situated partly beneath a deck attached to the house on the property.
The subject property is located in Coastal Erosion Overlay District Zone 2. Pursuant to Code of the Town of East Hampton § 255-3-85(B)(2)(a), the "construction, placement, or installation of new erosion control structures is prohibited" in Coastal Erosion Overlay Zone 2. The Town Code provides that a property owner must obtain an NRSP in order to construct an erosion control structure, such as the petitioner's proposed revetment (see id. § 255-4-20). Under Code of the Town of East Hampton § 255-5-51(F), a party seeking an NRSP for an erosion control structure must show, among other things, that erosion control at the site "cannot adequately be accomplished by means of a coastal restoration project," that the structure is "immediately necessary to prevent the loss or destruction of a principal building or structure on the applicant's lot, or to prevent severe damage to such building or structure," that such loss "cannot reasonably be prevented by some alternative means, such as relocating the building or structure or undertaking a coastal restoration [*2]project," and that the proposed structure will not interfere with littoral transport of sand, cause loss of habitat for wildlife or vegetation, or exacerbate flood damage by generating floodborne flotsam. The property owner must also show, among other things, that the erosion control structure will have a "reasonable probability of controlling erosion on the project site for a period of at least 30 years" (id. § 255-5-51[F][4]).
After a public hearing, the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA) denied the petitioner's application in a determination dated September 29, 2020. The petitioner then commenced this CPLR article 78 proceeding to review the ZBA's determination. In a judgment dated May 10, 2021, the Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven, 77 AD3d 949, 949; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771-772). "Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877; see Matter of Sasso v Osgood, 86 NY2d 374, 384). "A determination is rational if it has some objective factual basis" (Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 683; see Matter of Halperin v City of New Rochelle, 24 AD3d at 772).
In considering an application for a variance, Town Law § 267-b(3)(b) requires a zoning board to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Sasso v Osgood, 86 NY2d at 384). A zoning board must consider "'(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some . . . method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant . . . but shall not necessarily preclude the granting of the area variance'" (id. at 382, quoting Town Law § 267-b[3][b]; see Code of the Town of East Hampton § 255-8-50[D]; Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d at 683; Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 820).
Contrary to the petitioner's contention, the ZBA's denial of the application for a variance was not arbitrary and capricious. The record does not show that the proposed revetment would protect the existing house or the property on a long-term basis, particularly as the revetment would be adjacent to the foundation of the existing house, and subject to "wave action." The record also does not show that the proposed structure would not cause environmental damage, given its location at the mean high water mark, and given the need for excavation in the littoral zone during the construction process. In addition, the record supports the ZBA's finding regarding the detriment to the community, including the restriction of public access to the beach in the vicinity of the subject property. The record as a whole shows that the ZBA, in denying the variance application, considered all the relevant statutory factors and rationally determined that the potential benefit of the project was outweighed by the detriment to the community (see Matter of Kleinknecht v Brogan, 165 AD3d 934, 935-936; Matter of Chynn v DeChance, 110 AD3d 993, 994; Matter of Isle Harbor Homeowners v Town of Bolton Zoning Bd. of Appeals, 16 AD3d 830, 831).
Contrary to the petitioner's further contention, there is sufficient support in the record for the Supreme Court's determination that the ZBA, in denying the variance application, adequately explained its departure from precedent (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 615). In 2012, the ZBA granted to the owners of an adjacent property a variance and an NRSP for the construction of an erosion-control revetment. However, [*3]the record shows, inter alia, that the ZBA considered the fact that the owners of that adjacent property proposed to relocate and elevate the house on that property, resulting in a significantly greater benefit from the granting of the variance and special permit, as well as the fact that those owners did not propose the construction of a revetment that would abut the foundation of their house. Under these circumstances, the ZBA sufficiently articulated its reasons for reaching a different result in the instant matter (see Matter of Chynn v DeChance, 110 AD3d at 994; cf. Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d at 878).
Furthermore, the petitioner was not entitled to annulment of that portion of the determination which denied the NRSP application. The denial of a special exception permit must be rational and supported by evidence in the record (see Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d at 684; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 785; see also Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, 43 NY2d 801; see generally Matter of Sasso v Osgood, 86 NY2d at 384 n 2). "Where such supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d at 684; see Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 785; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d 731, 732).
Here, the record supports the ZBA's findings, inter alia, that the petitioner failed to show that the proposed structure would protect the existing house on the property on a long-term basis and that no viable alternative plan existed, or that the proposed action would not result in detrimental environmental impacts. Under these circumstances, the denial of the NRSP application was rational and supported by evidence in the record (see Matter of Foti v Town of E. Hampton Zoning Bd. of Appeals, 60 AD3d 1057, 1057-1058; Matter of Mann v Zoning Bd. of Appeals of Town of E. Hampton, 34 AD3d 588). Moreover, in denying the NRSP application, the ZBA adequately explained its departure from precedent (see Matter of Chynn v DeChance, 110 AD3d at 994; cf. Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d at 878).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court