Matter of Kreger v Town of Southold (2024 NY Slip Op 04320)

Matter of Kreger v Town of Southold

2024 NY Slip Op 04320

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-09727
 (Index No. 600377/21)

[*1]In the Matter of Michael Kreger, respondent,
v
Town of Southold, et al., appellants.

Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellants.
Stephen F. Kiely (Perillo Hill LLP, Sayville, NY [Timothy Hill], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Southold Zoning Board of Appeals dated December 8, 2020, which, after a hearing, upheld a determination of the Town of Southold Building Department dated February 25, 2020, denying the petitioner's application for an amended building permit, the appeal is from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated October 7, 2022. The judgment granted the petition, annulled the determination dated December 8, 2020, and remitted the matter to the Town of Southold Zoning Board of Appeals for further proceedings.
ORDERED that the judgment is affirmed, without costs or disbursements.
In October 2019, the petitioner obtained a building permit from the Town of Southold Building Department (hereinafter the Building Department) to construct a 2½ -story house on certain real property located in Greenport. The building permit authorized the construction of an unfinished storage space above the second story of the house, accessible via a pull-down staircase. Thereafter, in February 2020, the Building Department denied the petitioner's application for an amended building permit to finish part of the space located above the second story of the house and to install a permanent staircase to access that space based upon a finding that the petitioner's proposed amendment constituted the impermissible creation of a third story in a residential zone that allowed residences with a maximum of 2½ stories. The petitioner then requested that the Town of Southold Zoning Board of Appeals (hereinafter the ZBA), in effect, overturn the Building Department's determination, requiring the ZBA to interpret the definitions of "Story" and "Story, Half" in Code of the Town of Southold (hereinafter Town Code) former § 280-4.
After a hearing, in a determination dated December 8, 2020, the ZBA upheld the Building Department's determination based upon its finding that any finished area with habitable space may not be deemed a "half story," regardless of whether it otherwise comported with the Town Code definition of "Story, Half." The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court granted the petition, annulled the ZBA's determination, and remitted the matter to the ZBA for further proceedings. This appeal ensued.
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515 [citations omitted]; see Abramovitz v Zoning Bd. of Appeals of Inc. Vil. of Bellport, 194 AD3d 810, 811; Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904). "However, 'where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency . . . [and] the judiciary need not accord any deference to the agency's determination'" (Matter of Jun Wang v James, 40 NY3d 497, 502, quoting Matter of Belmonte v Snashall, 2 NY3d 560, 566; see Matter of Hitner v Planning Bd. of the Town of Patterson, 168 AD3d 939, 939; Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d at 904; Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d 154, 160). "[I]n such circumstances, the judiciary . . . is free to ascertain the proper interpretation from the statutory language and legislative intent" (Matter of Corrales v Zoning Bd. of Appeals of Vil. of Dobbs Ferry, 164 AD3d 582, 585 [internal quotation marks omitted]; see Matter of Fox v Town of Geneva Zoning Bd. of Appeals, 176 AD3d 1576, 1579).
"Turning to the statutory language at hand, '[i]t is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the [l]egislature. As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language [of the statute] itself, giving effect to the plain meaning thereof'" (Matter of Jun Wang v James, 40 NY3d at 502-503, quoting People ex rel. E.S. v Superintendent, Livingston Corr. Facility, 40 NY3d 230, 235). "[A]ll parts of a statute are intended to be given effect and a statutory construction which renders one part meaningless should be avoided" (Matter of Jun Wang v James, 40 NY3d at 503 [internal quotation marks omitted]; see Matter of Anonymous v Molik, 32 NY3d 30, 37; Rocovich v Consolidated Edison Co., 78 NY2d 509, 515).
The Town Code defined a "Story" as "[t]hat part of any building, exclusive of cellars but inclusive of basements, comprised between the level of one finished floor and the level of the next higher finished floor or, if there is no higher finished floor, then that part of the building comprised between the level of the highest finished floor and the top of the roof beams" (Town Code former § 280-4). The Town Code defined a "Story, Half" as "[a]ny space, with a minimum clear height of five feet, partially within the roof framing where the clear height of not more than 50% of such space between the top of the floor beams and the structural ceiling level is seven feet six inches or more" (id.).
Under the plain meaning of the definition of "Story, Half," there was no requirement that the flooring of a half story be unfinished. Instead, the definition provided that the half story must be located partially within the roof framing and set forth a range of dimensions for clear height (see id.). Although finishing the floor of a space that met the definition of "Story, Half" meant that the area would also meet the definition of "Story," that did not mean that the space ceased meeting the definition of "Story, Half" (see id.). Thus, it was erroneous for the ZBA to determine that the application for the amended building permit was properly denied on the basis of the proposal to, inter alia, finish the floor of the space located above the second floor of the house. On remittal, the ZBA should determine whether the amended building permit comported with the dimensional requirements of a "Story, Half" as defined in Town Code former § 280-4.
CONNOLLY, J.P., WOOTEN, FORD, and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court